JS-6

LEHRMAN LAW GROUP
KATE S. LEHRMAN [Bar No. 123050]
klehrman@lehrmanlawgroup.com
ROBERT A. PHILIPSON [Bar No. 108940]
raphil@aol.com
12121 Wilshire Boulevard
Suite 1300
Los Angeles, CA  90025
(310) 917-4500
(310) 917-5677 (FAX)

Attorneys for Plaintiff
BMW OF NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company,<br><br>           Plaintiff,<br><br>     v.<br><br>MKRTICH AYRAPETYAN, an individual,<br><br>           Defendants. | Case No. CV 13-8470-GW(SHx)<br>[Filed:  November 15, 2013]<br><br>Hon. George H. Wu<br>Courtroom 10<br><br>**MONEY JUDGMENT IN FAVOR OF PLAINTIFF AFTER DEFAULT AND AFTER PROVE UP**<br><br>DATE: December 22, 2014<br>TIME :  8:30 AM<br>COURTROOM: 10<br><br>DISCOVERY CUT-OFF:     NONE<br>MOTION CUT-OFF:          NONE<br>TRIAL DATE:                     NONE |

///

///

54.493.GM - 00089846.DOC                    -1-                         CV13-8470-GW(SHx)
**MONEY JUDGMENT IN FAVOR OF PLAINTIFF AFTER DEFAULT AND AFTER PROVE UP**

This above entitled court **(the "Court")** set a prove-up on Plaintiff's Motion For Default Judgment **(the "Motion")** against Defendant Mkritch Ayrapetyan **("Defendant")** to be presented and considered at the above referenced date, time, and place [Docket No. 34], and the matter came on regularly for hearing as scheduled. Robert A. Philipson, Esq. and Kate A. Lehrman, Esq. appeared on behalf of the above captioned plaintiff, BMW of North America, LLC **("Plaintiff".)**

The Court having reviewed and considered all of the Plaintiff's moving papers, including, but not limited to, its Memorandum of Points and Authorities together with the evidentiary declarations of Kate Lehrman [Docket No. 18-1], Nathan Hood [Docket No. 18-7], Robert Lanzetti [Docket No. 18-9], and Sean Clemens [Docket No. 18-12]; the Court having considered the comments of counsel appearing on behalf of Plaintiff; the Court having adopted its tentative ruling; the Court having considered the post hearing declaration of Howard S. Harris presenting, as directed by the Court, supplemental evidence establishing subject matter jurisdiction; the Court having considered the post hearing declaration of Israel Saperstein presenting, as authorized by the Court, supplemental evidence of Defendant's current financial condition in support of Plaintiff's prayer for punitive damages; and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows**:**

**A.** The Court decrees the below money judgment based upon the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

    1. The Court has jurisdiction over the subject matter of this case based upon diversity of citizenship.

    2. The Court has *in personam* jurisdiction over the Defendant, who was properly served with the summons and complaint and a copy of the Motion.

3.  Plaintiff's complaint and the evidentiary declarations presented to the Court are sufficient to establish the following legal elements of Plaintiff's malicious prosecution claim:

   a.  Defendant initiated legal proceedings against Plaintiff;
   b.  the proceedings were terminated in Plaintiff's favor;
   c.  Defendant lacked probable cause to pursue his earlier claims of defect in his leased 2008 BMW 750Li **("Defendant's Car")**.;
   d.  Defendant continued throughout the course of such legal proceedings to pursue claims of defect in Defendant's Car that he knew to be based on false evidence; and
   e.  Defendant willfully engaged in the foregoing acts with malice in order to cause harm to Plaintiff.

4.  BMW has submitted sufficient evidence to justify awarding its requested compensatory damages, and the recovery is directly proportional to Defendant's misconduct.

5.  The amount of the below awarded punitive damages is proportionate to Defendant's financial condition, the amount of compensatory damages awarded, and the nature of Defendant's wrongful acts, as determined from evidence of such, which has been presented by Plaintiff to the Court.

6.  Plaintiff conducted a thorough factual investigation of Defendant's misconduct, and, in its prove up, Plaintiff presented those facts to the Court by evidentiary declarations; notwithstanding Defendant being aware of the evidence presented by Plaintiff to the Court, Defendant did not respond to or dispute any of Plaintiff's factual averments.

7.  It is improbable that Defendant's default resulted from excusable neglect.

8. Plaintiff would suffer prejudice if the Motion were denied.

**B.** NOW THEREFORE, BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, JUDGMENT IS GRANTED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT, AND PLAINTIFF SHALL RECOVER FROM DEFENDANT AS FOLLOWS:

1. Compensatory Damages in the amount of **$111,549.50**;

2. Costs of Suit according to a Memorandum of Costs entered on the docket by the clerk of the Court; and

3. Punitive Damages in the amount of $0.00.

Dated: January 15, 2016

_____
THE HONORABLE GEORGE H WU
UNITED STATES DISTRICT JUDGE